IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| SJW CONCRETE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:16CV10–HEH |
| | ) | |
| 52 EIGHTY PARTNERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
### (Motion to Dismiss)

THIS MATTER is before the Court on Defendant 52 Eighty Partners, LLC's

("Defendant") Motion to Dismiss or, in the Alternative, to Transfer (ECF No. 3), filed on

January 11, 2016.  Defendant contends two contracts contain forum selection clauses that

preclude further litigation in this Court.  Accordingly, Plaintiff asks this Court either to

dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(3) or to

transfer the claims pursuant to 28 U.S.C. § 1404.  Plaintiff SJW Concrete, LLC

("Plaintiff") opposes the motion and argues this Court should retain all claims.  For the

reasons set forth below, the Court will deny Defendant's motion with leave to renew.

## I.  BACKGROUND

On December 16, 2015, Plaintiff filed the instant Complaint against Defendant in

the Circuit Court for the County of Chesterfield.  On January 6, 2016, Defendant timely

removed to this Court.  In Count I of its Complaint, Plaintiff seeks judgment confirming

an alleged settlement agreement entered into by the parties.  In Count II—which Plaintiff

pleads in the alternative—Plaintiff attempts to pursue a breach of contract claim related

to two contracts primarily involving construction in Junction, Texas ("First Contract")

and Rocksprings, Texas ("Second Contract") (collectively, "Underlying Contracts").

On April 7, 2015, the parties entered into the First Contract, which was "a cost

plus fixed fee agreement . . . with respect to the construction of Site TX920 at S Highway

377 in Junction, Texas." (Compl. ¶ 3, ECF No. 1-1.)  The First Contract also covered

"audits to multiple other constructed or partially constructed tower sites in Texas." (*Id.*)

That same day, the parties executed the Second Contract. (*Id.* ¶ 4.)  Similar to the First

Contract, the Second Contract was "a cost plus fixed fee agreement . . . with respect to

the Site TX911 constructed at 54 SD 45981 Rocksprings, Texas." (*Id.*)  The Second

Contract also included "audits to multiple other constructed or partially constructed tower

sites in Texas." (*Id.*)

Eventually, a dispute arose between the parties regarding the services provided by

Plaintiff under the Underlying Contracts, as well as the amount due to Plaintiff for those

services. (*Id.* ¶ 5.)  In September 2015, Plaintiff filed several liens on properties in Texas

related to the dispute. (*Id.* ¶¶ 6–7.)  On October 14, 2015, Plaintiff's representatives and

Defendant's CEO met at Plaintiff's offices in Chesterfield, Virginia in an attempt to

resolve the dispute. (*Id.* ¶ 8.)  According to Plaintiff, the parties successfully negotiated a

resolution and "agreed upon all essential, material terms of a proposed settlement,

including a partial payment of $112,500.00." (*Id.* ¶ 9.)[1]

---

[1]   Plaintiff states that counsel for Plaintiff currently holds this "partial payment" in trust.
(Compl. ¶ 9.) Defendant disputes that this amount constitutes partial payment, arguing instead it

Approximately two weeks later, a settlement agreement, promissory note, and lien releases were forwarded to Defendant "for the purposes of memorializing the settlement." (*Id.* ¶ 10.) Plaintiff states that the documents accurately reflected and memorialized all material terms of the parties' settlement during the October 14, 2015 meeting. (*Id.* ¶ 11.) Defendant "failed and refused to execute the settlement documents and thereby memorialize the parties' compromise of the [d]ispute." (*Id.* ¶ 12.) Because Defendant refused to execute the documents, this suit followed.

In Count I, Plaintiff pursues a confirmation of settlement claim, contending Defendant's CEO had full authority to act on Defendant's behalf at the October 14, 2015 meeting and the parties "entered into a complete, final, and binding settlement agreement, and the parties' intention to compromise was objectively manifested." (*Id.* ¶¶ 14–15.) Plaintiff asks this Court to enter judgment against Defendant in the amount of $175,000 and confirm that the parties have settled the dispute as memorialized in the settlement documents.

Alternatively, Plaintiff seeks liability for breach of the Underlying Contracts in Count II. (*Id.* ¶¶ 17–22.) Plaintiff seeks $275,000 in damages for the alleged breach. Defendant now moves to dismiss Plaintiff's claims or, in the alternative, transfer this action to the Northern District of Georgia. (Mem. Supp. Mot. Dismiss, or, Alternative Transfer ("Def.'s Mem.") 1, ECF No. 4.)

---

amounts to a good faith gesture on the path towards resolving the dispute. (Def.'s Reply Supp. Mot. Dismiss, or, Alternative Transfer 5–6, ECF No. 10.)

## II. STANDARD OF REVIEW

A party appropriately seeks dismissal based on a forum selection clause through a Federal Rule of Civil Procedure 12(b)(3) motion. *See Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006). In addressing a motion pursuant to Rule 12(b)(3), a court may consider evidence outside of the pleadings. *Id.* at 549–50. If a forum selection clause renders venue improper, a court may either dismiss the action or transfer it pursuant to 28 U.S.C. § 1406. *W. Refining Yorktown, Inc. v. BP Corp. N. Am., Inc.*, 618 F. Supp. 2d 513, 515 (E.D. Va. 2009).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Provided that the plaintiff's claims could initially have been brought in the transferee forum, "[t]he decision whether to transfer an action pursuant to § 1404(a) 'is committed to the sound discretion of the district court.'" *BHP Int'l Inv., Inc. v. Online Exch., Inc.*, 105 F. Supp. 2d 493, 498 (E.D. Va. 2000) (quoting *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 591 (E.D. Va. 1992)).

## III. DISCUSSION

Plaintiff's Complaint asserts both confirmation of settlement and breach of contract claims. Defendant seeks to dismiss or, in the alternative, transfer each, contending that the Underlying Contracts' forum selection clauses require Plaintiff to bring this entire action in the courts of Georgia. In ruling on the motion at hand, the Court first must discuss the relationship of Count I and Count II in the Complaint.

Distilled to its essence, Count I acts as a bar to Count II.  As alleged in Count I,

the parties met and came to an agreement to resolve a potential breach of the Underlying

Contracts.  Before addressing the merits of Count II, a court first must necessarily

determine the existence of an agreement disposing of those claims, as Plaintiff alleges in

Count I.

Unsurprisingly, Defendant denies the parties ever reached any binding agreement

as detailed in Count I.  (Def.'s Reply Supp. Mot. Dismiss, or, Alternative Transfer 1.)

Even if the parties did, Defendant argues, the forum selection clauses in the Underlying

Contracts still control the immediate proceedings.  (Def.'s Mem. 3–6.)  Because the

Underlying Contracts limit the appropriate forum to the courts of Georgia, they contend

continuing in this Court is inappropriate.  Plaintiff, on the other hand, avers that the

alleged agreement to settle the dispute as detailed in Count I supersedes those forum

selection clauses and venue properly lies in the Eastern District of Virginia.  (Pl.'s Resp.

Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n") 4–6, ECF No. 7.)

At this point, the Court cannot properly determine the application of the

Underlying Contracts' forum selection clauses without resolving the disputed agreement

in Count I.  In other words, does an agreement exist barring Count II?  If so, the Court

need not reach Count II.[2]  If not, the Court would have to address Plaintiff's breach of

contract claim, which would necessarily include an analysis of the application of the

forum selection clauses contained within the Underlying Contracts.

---

[2]  Additionally, Plaintiff attached to its Complaint the final settlement documentation indicating
the parties' exclusive choice of venue for settlement disputes would be in Virginia. Accordingly,
*if proved*, this Court would likely be the appropriate venue to resolve Count I.

Accordingly, given the uncertainty at this stage of the litigation, the Court will decline to dismiss this action based upon the Underlying Contracts' forum selection clauses with leave to renew following the disposition of Count I.

Even if the Court declines to dismiss the action, Defendant requests transfer to the Northern District of Georgia. (Def.'s Mem. 6–7.) Plaintiff opposes, arguing that venue is proper in this Court and asks this Court to exercise its discretion and refuse to transfer. (Pl.'s Opp'n 7–8.) Defendant notes that the action could have been initially filed in the Northern District of Georgia.[3]

In determining whether to transfer an action, the Court considers: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). The movant bears the burden of establishing that the factors strongly favor transfer. *United States v. Douglas*, 626 F. Supp. 621, 626 (E.D. Va. 1985) (quoting *Tex. Gulf Sulfur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

Normally, a court should afford a Plaintiff's choice of forum "substantial weight." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund*, 791 F.3d at 444 (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)). Where little connection exists between the chosen forum and the judicial district, however, this

---

[3] Plaintiff could have brought suit there pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, and the parties are completely diverse because Plaintiff is a citizen of Virginia and Defendant is a citizen of Georgia, New Hampshire, Connecticut, and Massachusetts. (Notice Removal ¶¶ 6–8, ECF No. 1.) A civil action may be brought against a defendant in a judicial district where that defendant resides. 28 U.S.C. § 1391.

factor may weigh in favor of transfer. *See Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003).

Here, nothing persuades this Court that Plaintiff's choice of forum should be afforded less than substantial weight. Plaintiff is a citizen of Virginia. The parties allegedly negotiated and came to an agreement at Plaintiff's offices in Virginia. This Court, therefore, accords Plaintiff's choice of forum substantial weight.

Turning next to witness convenience and access, as the Court has already noted, the parties negotiated this alleged agreement in Virginia. Defendant's CEO traveled to Plaintiff's office in Virginia to negotiate this alleged agreement. Nothing suggests this forum presents a sufficient burden on witness convenience and access to warrant transfer.[4] For similar reasons, consideration of the convenience of the parties weighs against transfer to the Northern District of Georgia. Plaintiff is a citizen of Virginia, and Defendant has signaled a willingness to travel to Virginia by engaging in negotiations at Plaintiff's headquarters.

Finally, the interests of justice weigh in favor of proceeding in this Court. "The interest of justice encompasses public interest factors aimed at systemic integrity and fairness." *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (quoting *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005)) (internal quotation marks omitted). Key considerations include "docket congestion, interest in having local controversies decided at home, knowledge of

---

[4] To the extent any witnesses are located in Texas, they would have to travel to either Georgia or Virginia to testify. Those witnesses would experience equal inconvenience in traveling from Texas to a different state.

applicable law, unfairness in burdening forum citizens with jury duty, and interest in

avoiding unnecessary conflicts of law." *Jaffee v. LSI Corp.*, 874 F. Supp. 2d 499, 505

(E.D. Va. 2012) (quoting *Byerson*, 467 F. Supp. 2d at 635).

Here, Count I involves a controversy over a negotiation that occurred in Virginia.

Additionally, supporting documentation indicates that the Court may have to apply

Virginia law.  At this point, both weigh in favor of the Eastern District of Virginia and

against the Northern District of Georgia as the preferred forum.

Defendant focuses its analysis on Count II of the Complaint.  Defendant notes the

choice of forum and choice of law provisions contained in the Underlying Contracts

require suit be brought in Georgia and Georgia law apply to the suit. (Def.'s Mem. 7.)

As stressed above, in Count I, the Court must decide whether a settlement exits barring

consideration of Count II.  On this record and as of now, the choice of venue provisions

and choice of law provisions contained within the Underlying Contracts matter little

because they relate to Count II of the Complaint.  Before assessing the viability of the

breach of contract claim in Count II, the Court must make a determination on the

existence of a case dispositive agreement contained in Count I.

Taking all of the § 1404(a) factors into consideration, Defendant has failed to meet

its burden of showing that those factors weigh strongly in favor of transfer to the

Northern District of Georgia at this time.

### IV.  CONCLUSION

In sum, the Court finds that this Court constitutes an appropriate venue for Count

I.  Because any decision on Count II hinges on the outcome of Count I, the Court will

deny Defendant's Motion to Dismiss or, in the Alternative, to Transfer (ECF No. 3) with leave to renew after determination of Count I.

An appropriate Order will accompany this Memorandum Opinion.

                                                  /s/
                                         Henry E. Hudson
                                         United States District Judge

Date: Feb. 17, 2016
Richmond, Virginia

9